IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MICHAEL LUMBERT,

    Petitioner,

vs.                                               Case No. 17-cv-0210-DRH

B. TRUE,

    Respondent.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner, currently incarcerated in the United States Penitentiary Marion, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge his enhanced sentence as a career offender following his guilty plea to a count of distribution of a controlled substance (crack cocaine). *United States v. Michael P. Lumbert*, No. 11-cr-00066-bcc-1 (W.D. Wis. 2011) ("criminal case"). The petition was filed on February 27, 2017. (Doc. 1).

Petitioner was sentenced to 188 months' imprisonment as a career offender on December 6, 2011. (Doc. 22, criminal case). Previously, petitioner filed a motion pursuant to 28 U.S.C. § 2255, arguing that his attorney was ineffective. (Doc. 1, p. 4). That petition was ultimately denied. *Id*.

Petitioner now brings this habeas corpus action pursuant to 28 U.S.C. § 2241 and argues the career offender enhancement he received pursuant to United States Sentencing Guideline § 4B1.1 was made pursuant to state-law drug

1

convictions that did not meet the requirements of the Sentencing Guidelines for the career enhancement. (Doc. 1, p. 2). Petitioner requests resentencing. *Id.*

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

## The Petition

Petitioner asks that he be resentenced without the career offender enhancement. (Doc. 1, p. 2). Petitioner asserts that his predicate offenses were delivery of a controlled substance in Marathon County, Wisconsin, in Case Nos. 02-CF-421, 03-CF-30, 04-CF-985, and 06-CF-745. (Doc. 1, p. 4).

## Discussion

Ordinarily, a prisoner may challenge his federal conviction or sentence only by means of a § 2255 motion brought before the sentencing court, and this remedy typically supersedes the writ of habeas corpus. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013) (citing *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012)). A writ of habeas corpus under § 2255 requires the petitioner to file his challenge in the district that imposed the criminal sentence on him. See 28 U.S.C. § 2255(a). In this case, petitioner is clearly attacking his sentence. However, he

2

has alleged that he has already filed a motion pursuant to § 2255, and that remedy is no longer available to him without leave of the appellate court.

The "savings clause" under § 2255(e) allows a federal prisoner to file a petition under § 2241, if the remedy provided by § 2255 is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255(e). In considering what it means to be "inadequate or ineffective," the Seventh Circuit has held that a federal prisoner should be permitted to seek relief under § 2241 "only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998). A federal prisoner must meet 3 criteria in order to invoke the Savings Clause and obtain collateral relief pursuant to § 2241. First, a prisoner "must show that he relies on a [new] statutory-interpretation case rather than a constitutional case;" second, he "must show that he relies on a retroactive decision that he could not have invoked in his first § 2255 motion;" and third, "[the] sentence enhancement [must] have been a grave enough error to be deemed a miscarriage of justice corrigible therefore in a habeas corpus proceeding." *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013) (citations omitted) (internal quotation marks omitted).

In his attempt to trigger application of the savings clause, petitioner relies on three cases: *Mathis v. United States*, 136 S.Ct. 2243 (U.S. 2016); *Holt v. United States*, 843 F.3d 720 (7th Cir. 2016); and *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016). *Mathis* addresses the "enumerated clause" of the

3

Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e); specifically it addresses what test a court should apply when determining whether a state conviction falls within the enumerated crimes clause.

Petitioner has met the first two requirements to bring a § 2241 case. *Mathis* is a case of statutory interpretation. *Dawkins v. United States,* 829 F.3d 549, 551 (7th Cir. 2016) (Because *Mathis* "is a case of statutory interpretation," claims based on *Mathis* "must be brought, if at all, in a petition under 28 U.S.C. § 2241."); *Jenkins v. United* States, No. 16–3441 (7th Cir. Sept. 20, 2016) ("Mathis is not amenable to analysis under § 2244(b) because it announced a substantive rule, not a constitutional one.").

The petition also meets the second requirement. The Seventh Circuit has indicated that *Mathis* is a substantive rule. *Dawkins*, 829 F.3d at 551 (7th Cir. 2016). Controlling precedent indicates that substantive Supreme Court rules are applied retroactively. *See Narvaez v. United States,* 674 F.3d 621, 625 (7th Cir. 2011); *Montana v. Cross*, 829 F.3d 775, 783 (7th Cir. 2016).

The third element is problematic. In *Mathis*, the Supreme Court discussed the correct approach to applying the enumerated clause in the ACCA. 136 S.Ct. 2243 (U.S. 2016). A prior crime qualifies as a predicate offense only if its elements are the same as, or narrower than, those of the generic offenses listed in the statute. *Id.* at 2247. When a statute is indivisible, a court can determine whether the crime counts as an ACCA predicate by lining up the crime's elements alongside those of the generic offense to see if the elements match. *Id.* at 2248.

In the case of a divisible statute, where the statute lists elements in the alternative, a court employs a "modified categorical approach" by which the court may examine a limited class of documents to determine what crime, with what elements, the defendant was convicted of.  *Id*. at 2249.  *Mathis* stands for the proposition that when a statute enumerates various facts that meet an element of the crime, a court must still apply the categorical approach, without reference to the facts of the specific case.  *Id.* at 2251.  That is, if the statute is indivisible, but specifies that certain alternative facts may satisfy an element, a court cannot look to the facts of the case to determine whether the conduct involved satisfied the generic version of the crime if the state statute involved is broader than the generic version.  *Id.*

The Sentencing Guidelines, like the ACCA, also refer to specific crimes as grounds for sentencing enhancements.  Some of the language of the Sentencing Guidelines tracks the ACCA quite closely.  However, *Mathis* specifically addressed burglary with reference to the language in the "crime of violence" section.  In contrast, petitioner's sentence was enhanced because he had predicate "controlled substance offenses."

A "controlled substance offense" is defined in the guideline as:

> [A]n offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or disperse.

5

Case 3:17-cv-00210-DRH-CJP   Document 3   Filed 03/28/17   Page 6 of 7   Page ID #66

U.S.S.G.§ 4B1.2(b).

It is a dubious proposition whether *Mathis* controls here.  Petitioner has cited to at least one case, *Hinkle*, 832 F.3d at 569 (5th Cir. 2016), where a court used the approach outlined in *Mathis* to evaluate the controlled substance offense at issue.  Of course that decision is not binding on this circuit.  But for current purposes, the Court is willing to accept that the *Hinkle* case at least demonstrates that the law in this area is developing.  For that reason, the Court orders respondent True to file a response so that the Court may have the advantage of further briefing in deciding this issue.

**IT IS HEREBY ORDERED** that respondent shall answer the petition or otherwise plead within thirty days of the date this order is entered.  This preliminary order to respond does not, of course, preclude the State from making whatever waiver, exhaustion, or timeliness argument it may wish to present.  Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to United States Magistrate Judge Clifford J. Proud for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to United States Magistrate Judge Clifford J. Proud for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral*.

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action.  This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**DATED: March 28, 2017**

Digitally signed by Judge David R. Herndon
Date: 2017.03.28 15:02:05 -05'00'

**United States District Judge**